## Louis Rohmer, Appellee, v. Axel W. Anderson, Appellant.

### Gen. No. 19,961. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CHARLES A. McDONALD, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 13, 1914.

### Statement of the Case.

Action by Louis Rohmer against Axel W. Anderson to recover for personal injuries. The first count of the declaration alleges that the plaintiff on a certain day mentioned was working at a certain place mentioned beside a perpendicular bank of sand, the top of which was a frozen crust, and was in the exercise of due care and without knowledge of the danger to which he was exposed, and that the defendant was also working by said bank and "knowingly, intentionally, carelessly, negligently and unlawfully" caused a large quantity of the frozen top to break off and slide down, although he well knew the plaintiff's position, and that he was in a place of danger and likely to be struck by the same, and that the plaintiff was struck and injured by the same.

The second count charges the same things without stigmatizing the action of the defendant in causing the crust to fall, by adverbs, but adding that although he caused the crust to fall, he "carelessly, negligently and unlawfully failed to notify or warn the plaintiff that the said bank was going to cave or slide off, although well knowing the plaintiff's position and that he was in a place of danger and likely to be struck by the same."

Defendant urged as ground for reversal: That the declaration does not state a cause of action, and therefore the judgment should have been arrested; that

the verdict is against the weight of the evidence, inasmuch as it is not shown that the fall of the frozen sand which broke the plaintiff's leg—the injury involved in the suit—was caused by the act, negligent or otherwise, of the defendant; that the verdict is against the weight of the evidence because the weight of the evidence shows contributory negligence at least on the part of the plaintiff; that the court erred in giving an instruction to the jury.

LEE & LEE, for appellant.

B. J. WELLMAN and RICHARD J. FINN, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

1. NEGLIGENCE, § 123*—*when declaration states cause of action.* In an action for personal injuries resulting from the negligence of defendant in causing the frozen crust of a sand pile to fall on plaintiff, *held* that the counts in the declaration were sufficient to state a cause of action.

2. NEGLIGENCE, § 119*—*when averment of duty may be inferred from facts stated.* A count in a declaration averring that defendant had knowledge that plaintiff was in a place of danger and likely to be struck by the frozen crust of a sand pile and that he negligently caused it to fall on plaintiff without warning him, *held* not subject to the criticism that it did not charge defendant with the duty to warn plaintiff, since such duty may be inferred from the facts stated.

3. DAMAGES, § 71*—*when instruction authorizing recovery proper. though injury was improperly treated by physician.* In an action for an injury to plaintiff's leg, an instruction which told the jury, "that a person who is suffering from an injury is only required to use reasonable diligence to employ a physician of ordinary skill and experience to treat him, and that the law regards the injury, if any, resulting from the mistakes of the physician, if there are any such mistakes, or from the failure of the means employed to effect a cure, as a part of the immediate and direct damages flowing

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

from the original injury," *held* properly to state the law, and the giving of it justified on the ground that the cross-examination of plaintiff's physician tended to suggest that the treatment of plaintiff was unskilful; and also *held* that it was not necessary to show that the doctor, who had been practicing for twenty-six years, had especial experience in setting broken legs, to warrant the instruction.

4. · NEGLIGENCE, § 185*—*when recovery for personal injuries resulting from fall of frozen crust of sand pile sustained by the evidence.* A verdict allowing a recovery for personal injuries alleged to have resulted from defendant's negligence in causing a frozen crust of a sand pile to fall on plaintiff, *held* not against the weight of the evidence, where the jury might have justifiably believed from the evidence that plaintiff was in the exercise of due care and justifiably ignorant of the manner in which defendant was working on the other side of the pile, that defendant's method of doing the work on his side was not a careful one, that he had reason to believe conditions were dangerous and he did not warn plaintiff, and that the work on defendant's side caused the crust to fall on plaintiff.